EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* ELISEO E. COLÓN, acusado y apelante.

Núm. 6365.—*Sometido:* Abril 27, 1937. *Resuelto:* Abril 30, 1937.

*Manuel A. Rivera,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

En el presente caso se formuló denuncia contra Eliseo E. Colón, por un delito de portar armas prohibidas. Visto el caso ante la la Corte de Distrito de Ponce en grado de apelación, el acusado fué declarado culpable y condenado a sufrir treinta días de cárcel. No conforme con esta sentencia, estableció recurso de apelación atribuyendo a la corte inferior tres errores.

En el primero se dice que la corte intervino directamente con los testigos, con marcado prejuicio, privando al

acusado de un juicio justo e imparcial. Es verdad que la corte examinó con cierta extensión a los testigos Florencio Cruz, Agustín Hernández y José Colón, los cuales declararon ante el juez municipal, quien tomó por escrito el testimonio de los referidos testigos. El juez de la corte de distrito, en vista de las declaraciones tomadas por el juez municipal, advirtiendo evidentes contradicciones entre los testimonios prestados a raíz de los hechos denunciados y lo dicho en la vista del caso en apelación, interrogó a estos testigos, haciéndoles saber que estaban declarando bajo juramento y poniendo de relieve las contradicciones en que habían incurrido. El acusado nos dice en su alegato que una vez que los referidos individuos terminaron de responder al interrogatorio del juez, éste ordenó su arresto para que respondieran de un delito de desacato.

El artículo primero de la Ley núm. 41, aprobada en marzo de 1911 (Comp. 5527-5530), para proveer un castigo sumario por el delito de perjurio cometido en corte abierta, dice que si el juez quedare convencido en cualquier caso pendiente ante su corte, de que un testigo después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto, es culpable de perjurio, según se define en la ley, será entonces deber de dicho juez ante quien se celebrare el juicio, ordenar, a moción propia, el arresto y detención del ofensor, dictando una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviera por las cuales no deba ser castigado por desacato a la corte. Esta ley impone un deber al juez, y cuando, para cumplir con el mismo, aclarar los hechos y satisfacer su conciencia acerca del testimonio del testigo, es necesario interrogarlo, no creemos que incurra en error si actúa en forma mesurada y no perjudica los derechos del acusado.

Hemos leído el interrogatorio del juez y no creemos que se excediera en el desempeño de sus funciones. Las citas

que hace el abogado se refieren a casos donde la conducta de la corte puede impresionar erróneamente al jurado. Este es un caso juzgado por el propio juez que interrogó a los testigos. Debe desestimarse el error apuntado.

■■ En los dos últimos motivos de error se alega que la corte resolvió la teoría de la duda razonable a favor de El Pueblo en vez de hacerlo a favor del acusado, y que cometió error al dictar una sentencia condenatoria.

La corte declaró en su sentencia que la prueba de El Pueblo le mereció crédito, especialmente el testimonio de los testigos Jesús María Castro y Jesús Malavé, corroborado en parte por el resto de la prueba de El Pueblo. El segundo de dichos testigos declara que el acusado hizo dos disparos, uno a Jesús María Castro y otro a Feyo Irlanda, que no sabe si el arma era revólver o pistola, pero que hizo dos disparos.

Jesús María Castro dice que vió que el acusado tenía un revólver y que disparó en dos ocasiones, hiriendo en una pierna a Rafael Irlanda.

Manuel Pizarro, jefe de policía en Orocovis, declara que no ocupó el arma, que no presenció los hechos, pero que le preguntó al acusado qué pasaba, porque hubo quien gritara que iban a disparar de la calle para el cuartel, y entonces él confesó que iban a atacarlo y tuvo que hacer uso de un revólver.

Narciso Miranda, policía insular, declaró que condujo al acusado al cuartel de la policía a presencia del jefe de distrito, que instantáneamente le cogió la mano y que estaba olorosa a pólvora.

En presencia de esta prueba fué que el juez de la corte inferior dictó su sentencia. No surge de los autos que abrigara dudas acerca de la culpabilidad del acusado. No incurrió la corte inferior en los errores que se le atribuyen.

*Debe confirmarse la sentencia apelada.*